UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**KEVIN WHITE,**

    *Plaintiff,*

        v.                                                                                                                                          Case No.: 2:21-cv-00113-RAJ-RJ

**GULF HARBOUR INVESTMENTS CORP.,
SPECIALIZED LOAN SERVICING, LLC,
EQUITY TRUSTEES, LLC,
BWW LAW GROUP, LLC, and
WELLS FARGO BANK, N.A.**

    *Defendants.*

## AMENDED COMPLAINT

Plaintiff, Kevin White ("Plaintiff"), by counsel, now amends his Complaint against Defendants Gulf Harbour Investments Corporation, Specialized Loan Servicing, LLC, Equity Trustees, LLC, BWW Law Group, LLC, and Wells Fargo Bank, N.A., pursuant to Federal Rule of Civil Procedure 15(a), and stating the following:

### JURISDICTION & VENUE

1. Jurisdiction is proper in this matter under 28 U.S.C. § 1332 as it involves questions arising out of federal law. This Court also has jurisdiction over all defendants in this matter as they are either located within this district or conduct substantial business therein. Moreover, the conduct alleged in this matter concerns real property in foreclosure which is located within this district. Both the property and the loan secured by said property exceed $75,000 in value.

## NATURE OF THE ACTION

2. Plaintiff completed a refinance with Wells Fargo Bank, N.A. in April of 2013 of a 2005 Wachovia Bank N.A. and reasonably believed that a 2006 E-Loan, Inc. mortgage loan (now purportedly owned by Gulf Harbour Investments Corporation) had been included in the refinance. Wells Fargo failed to included the 2006 E-Loan, Inc. mortgage loan and Plaintiff did not discover this unfortunate fact, until after Specialized Loan Servicing, LLC had already foreclosed on Plaintiff's home and scheduled it for sale. Plaintiff is seeking relief for the failure of SLS to send Plaintiff periodic statements under 12 CFR § 1026.41(a) of the Federal Truth in Lending Act concerning the 2006 E-Loan, Inc. mortgage loan and negligence for the failure of Wells Fargo to include said loan into said 2013 mortgage loan refinance. Plaintiff is also seeking relief against Gulf Harbour Investments Corporation and Equity Trustees, LLC for failure to send Plaintiff debt validation notices as required under the Federal Debt Collections Practices Act, 12 U.S.C. § 2605(b)(1).

## PARTIES TO THIS ACTION

3. Plaintiff, Kevin White ("Plaintiff") is a Virginia resident and lawful owner of all real property located at 3825 Larchwood Drive in the City of Virginia Beach, Virginia 23456 which is legally described in all documents referenced in this Complaint ("Property").

4. Defendant, Gulf Harbour Investments Corporation is the purported holder of the note in default secured by the Property.

5. Defendant, Specialized Loan Servicing LLC ("SLS") is the purported Attorney-in-Fact and Loan Servicer of the note in default secured by the Property.

6. Defendant, Equity Trustees, LLC, ("Equity") is the current substitute trustee under the Mortgage on the Property securing the note in default.

7. Defendant, BWW Law Group, LLC ("BWW"), located in Virginia, is a self-described "debt collector" and also represents itself as "attorneys for Equity Trustees, LLC."

8. Defendant Wells Fargo Bank, N.A., completed the 2013 mortgage refinance of the original 2005 Wachovia Bank, N.A. which did not include the 2006 E-Loan mortgage loan now in default.

## STATEMENT OF FACTS

9. On or about November 15, 2005, Plaintiff purchased the Property for $395,000.00 with a down payment of $34,000.00 and a purchase money mortgage from Wachovia Bank, N.A. in the amount of $316,000.00 (the "Wachovia Mortgage").

10. On or about March 21, 2006, E-Loan, Inc. loaned Plaintiff $73,500.00 as recorded in a promissory note and secured by a Deed of Trust ("DOT") the same day which purports to encumber the Property (collectively the "E-Loan Mortgage"). **(Exhibit "A").**

11. The 2005 Wachovia Mortgage as the purchase money mortgage was in the first lien position on the Property until it was refinanced through the Wells Fargo Mortgage in 2013.

12. The 2006 E-Loan Mortgage was a second mortgage and remained in the junior lien position to the Wachovia Mortgage until the Wells Fargo Mortgage refinanced the Wachovia Mortgage in 2013.

*Wells Fargo Conduct*

13. Plaintiff sought out Wells Fargo to refinance the 2005 Wachovia purchase money mortgage and Wells Fargo agreed to do so ("Refi").

14. Wells Fargo in preparation of the aforementioned refinance transaction discovered the E-Loan Mortgage which was a second lien on the Property at the time.

15. Upon information and belief based on the representations made by an authorized representative of Wells Fargo during a recent phone call Plaintiff made to Wells Fargo, said agent in said capacity indicated that Wells Fargo was aware of the E-Loan Mortgage, but inaccurately and mistakenly "listed it as an asset."

16. When Wells Fargo listed the E-Loan Mortgage as an asset rather than a liability, Wells Fargo continued to proceed with the Refi without verifying the legitimacy of the E-Loan Mortgage second lien on the Property and more importantly the Refi was closed without paying off said second mortgage in the process.

17. Wells Fargo did not disclose to Plaintiff that the E-Loan Mortgage was not paid off in the Refi.

18. On or about April 5, 2013, Wells Fargo Bank, N.A. ("Wells Fargo") loaned Plaintiff $298,600.00 as recorded in a promissory note and secured by a Deed of Trust the same day which encumbers the Property (collectively the "Wells Fargo Mortgage"). **(Exhibit "B")**

19. Since the refinance was completed in 2013, Plaintiff has never missed a payment on the Wells Fargo Mortgage, has never been late on a Wells Fargo Mortgage payment, and Plaintiff remains current on the Wells Fargo Mortgage.

20. A foreclosure sale ("Sale") of the Property was scheduled for Tuesday February 23, 2021 to enforce the purported rights of Gulf Harbour under the E-Loan Mortgage, but was ultimately cancelled due to a temporary injunction obtained in state Court. **(Exhibits "C" and "D").**

21. Plaintiff was not made aware of the existence of the E-Loan Mortgage or the February 23, 2021 foreclosure sale until receiving a phone call from an individual interested in purchasing the Property prior to said sale.

22. Upon information and belief, based on representations during a phone call initiated by Plaintiff to BWW the balance on the E-Loan Mortgage is approximately $86,000.00.

23. Had Plaintiff been made of aware of said error on the part of Wells Fargo, Plaintiff would have demanded Wells Fargo, rescind the Refi and conduct a subsequent Refi that would have satisfied the E-Loan Mortgage.

24. Had Plaintiff been made of aware of said error on the part of Wells Fargo, Plaintiff could have and would have made payments on the E-Loan Mortgage that would have satisfied the loan or made arrangements to satisfy its balloon payment, either of which would have prevented acceleration and foreclosure on the Property and the additional associated expenses.

*Gulf Harbour Investments Corporation/SLS Conduct*

25. At all times relevant to this Complaint, SLS has acted and is acting in the capacity of attorney-in-fact for, on behalf, and for the benefit of Gulf Harbour and Gulf Harbour is liable for the conduct of its agent SLS.

26. The E-Loan Mortgage DOT contains a "Balloon Rider to Security Instrument" ("Rider"). The Rider requires Plaintiff "the entire principal balance of the loan and the unpaid interest" ("Balloon Payment") due and payable "April 1, 2021" which is designated as the "Maturity Date" I the DOT.

27. The Rider requires "[a]t least (90) but no more than one hundred twenty (120) days prior the Maturity Date, Lender must send Borrower a notice prior to the Maturity Date and the amount of the Balloon Payment…"

28. SLS provided Plaintiff absolutely no such notice in the manner required by the E-Loan Mortgage under paragraph 12 of the DOT and Plaintiff has received no such notice.

29. Had SLS provided proper notice concerning the balloon payment to Plaintiff under the Rider and paragraph 12 of the DOT, Plaintiff could have and would have made timely arrangements to satisfy the balloon payment including the ways contemplated in the Rider including obtaining a loan to pay off the balloon payment.

30. As such, Plaintiff was given no such opportunity as SLS was contractually obligated to provide Plaintiff under the Rider and paragraph 12 of the DOT to avoid the very situation Plaintiff now finds himself.

31. Since February 19, 2019, when it is believed SLS assumed servicing the E-Loan Mortgage, SLS provided Plaintiff absolutely no periodic statements concerning Plaintiff's loan account as required by 12 C.F.R. § 1026.41(a) as found in Regulation Z, the Truth and Lending Act ("TILA") and Plaintiff has received no such notices.

*Equity/Gulf Harbour Conduct*

32. Equity and Gulf Harbour are debt collectors recognized under the Fair Debt Collection Practices Act ("FDCPA").

33. Equity and Gulf Harbour acting as debt collectors are required to send certain notices according to the FDCPA at 12 U.S.C. § 2605(b)(1) which includes a debt validation notice concerning the E-Loan Mortgage.

34. Equity and Gulf Harbour acting as the substitute trustee under the E-Loan Mortgage DOT or as attorney for the substitute trustee are required to send such notices in accordance with paragraphs 12 and 17 of the DOT.

35. Neither Equity nor Gulf Harbour notified Plaintiff with a FDCPA debt validation notice in accordance with paragraphs 12 and 17 of the DOT and Plaintiff has received no such notice.

36. The <u>only</u> notice Plaintiff ever received prior to filing suit concerning the E-Loan Mortgage since 2013 is a BWW letter dated February 3, 2021 titled "Notice of Foreclosure Sale" which Plaintiff did receive by certified mail.

37. Had Equity and Gulf Harbour provided a debt validation to Plaintiff under the FDCPA and paragraphs 12 and 17 of the DOT, Plaintiff could have and would have made timely arrangements with SLS to bring the loan current by refinancing the E-Loan Mortgage or selling assets to cure such default under the DOT and prevent sale of the Property and the additional associated expenses.

38. As such, Equity and Gulf Harbour provided Plaintiff no opportunity to validate the E-Loan Mortgage (which would have made Plaintiff aware of the loan) as they were obligated under said statutes and contract to provide Plaintiff such notice under paragraphs 12 and 17 of the DOT to avoid the very situation Plaintiff now finds himself.

*Damages*

39. Plaintiff has incurred the following damages:

    a. $86,000 the amount required to satisfy the E-Loan Mortgage, which includes the interest on the loan which would not have accrued but for the failure of Wells Fargo to include said loan in the Refi and paying it off in 2013.

    b. Humiliation, loss of sleep, anxiety, and other severe emotional distress associated with the Property being publicly advertised in foreclosure when Plaintiff was otherwise current on his Wells Fargo Mortgage, reasonably believing that was his only mortgage obligation.

    c. Humiliation, loss of sleep, anxiety, and other severe emotional distress associated with his home being publicly advertised in foreclosure when acceleration and foreclosure could have been entirely avoided had Gulf Harbour, SLS, Equity, and BWW provided the aforementioned statement and notices according to the aforementioned statutes and DOT paragraphs.

       d. Attorneys' fees and other reasonable costs and expenses incurred in pursing relief in court to prevent the sale of the Property.

40. Plaintiff will incur the following damages if the foreclosure sale is conducted:

       a. Loss of the Property currently valued in the real estate market at no less than $425,000.00 which includes loss of equity in the Property of no less than $176,000.00.

       b. Humiliation, loss of sleep, anxiety, and other severe emotional distress associated with losing title to the Property when Plaintiff was otherwise current on his Wells Fargo Mortgage, reasonably believing that was his only mortgage obligation.

       c. Humiliation, loss of sleep, anxiety, and other severe emotional distress associated with losing title to the Property when acceleration and foreclosure could have been entirely avoided had Gulf Harbour, SLS, Equity, and BWW provided the aforementioned statements and notices according to the aforementioned statutes and DOT paragraphs.

       d. Reasonable costs and expenses incurred having to find alternate living accommodations of Plaintiff and his family.

       e. Attorneys fees and other reasonable costs and expenses incurred in pursing relief in court to have rescinded any eventual sale of the Property or to prevent eviction from the Property.

41. Said Damages are sought in each of the following counts.

<u>**Count I**</u>
**Breach of Contract**
**Balloon Payment Requirements**

42. All prior paragraphs are incorporated and set forth herein.

43. Gulf Harbour through SLS breached the Rider when it foreclosed on the Property before satisfying the aforementioned conditions precedent regarding notice under the Rider contained in the DOT.

44. By accelerating the loan and foreclosing on the Property when Gulf Harbour through SLS had no lawful right to do so either under the Rider contained in the DOT, Plaintiff suffered the aforementioned damages.

45. Plaintiff would have had the means to either cure default, obtain financing to payoff the balloon payment prior to acceleration and foreclosure if he had been given notice according to the aforementioned notice requirements of the DOT.

46. Again, Plaintiff finds himself in precisely the aforementioned predicaments and the improper acceleration and foreclosure of the Property has caused Plaintiff aforementioned damages.

47. Wherefore, Plaintiff prays the Court find Gulf Harbour and its agent SLS breached the balloon payment requirements under the DOT, award Plaintiff damages as alleged and grant any further relief as deemed appropriate including reasonable attorney's fees.

### Count II
### TILA Violations

48. All prior paragraphs are incorporated and set forth herein.

49. Gulf Harbour and SLS violated 12 CFR § 1026.41(a) as found in Regulation Z of the Truth in Lending Act ("TILA") since February 19, 2019, when it is believed SLS assumed servicing the E-Loan Mortgage, SLS provided Plaintiff absolutely no periodic statements concerning Plaintiff's loan account and Plaintiff has received no such notices.

50. In providing no such aforementioned notices, Plaintiff was unaware that the E-Loan Mortgage continued to exist and had Plaintiff been made aware of such mortgage upon transfer of service, he could have and would have made preparations to make payments on the mortgage, refinance the mortgage and avoid unnecessary accrued interest on the related loan in addition to

avoiding acceleration, foreclosure, and balloon payments which have since occurred in addition to damages as alleged.

51. As such Gulf Harbour and SLS are liable under these provisions for Plaintiff's damages as alleged.

52. Wherefore, Plaintiff prays the Court find Gulf Harbour and SLS in violation of the Act as alleged under this count, award Plaintiff damages as alleged and grant any further relief as deemed appropriate including reasonable attorney's fees.

### Count III
### FDCPA Violations

53. All prior paragraphs are incorporated and set forth herein.

54. Neither Equity as substitute trustee nor Gulf Harbour sent Plaintiff any debt validation notice as required under FDCPA at 12 U.S.C. § 2605(b)(1) and did not do so in the manner prescribed paragraph 12 of the DOT and Plaintiff has received no such notice.

55. In providing no such aforementioned notices, Plaintiff was unaware that the E-Loan Mortgage continued to exist and had Plaintiff been made aware of such mortgage, he could have and would have made preparations to make payments on the mortgage, refinance the mortgage and avoid unnecessary accrued interest on the related loan in addition to avoiding acceleration, foreclosure, and balloon payments which have since occurred in addition to damages as alleged.

56. As such Gulf Harbour and Equity are liable under the FDCPA and for Plaintiff's damages as alleged.

57. Wherefore, Plaintiff prays the Court find Gulf Harbour and Equity in violation of the Act as alleged under this count, award Plaintiff damages as alleged and grant any further relief as deemed appropriate including reasonable attorney's fees.

## Count IV
### Negligence

58. All prior paragraphs are incorporated and set forth herein.

59. Wells Fargo had a duty to Plaintiff to properly identity and verify all liens on the Property as part of its due diligence activities in completing the Refi of the Wachovia Mortgage.

60. Wells Fargo also had a duty to include in the Refi loan amount funds sufficient to satisfy any liens that including the E-Loan Mortgage, that would have prevented the Refi from assuming the first lien position on the Property.

61. Wells Fargo had a duty to Plaintiff to disclose that it did not pay off the E-Loan Mortgage as anticipated with the Refi.

62. The failure of Wells Fargo to either include the E-Loan Mortgage in the Refi or disclose that such loan was not included in the Refi.

63. Both failures resulted in Plaintiff essentially being blindsided by a debt that could have and would have subsequently been refinanced or otherwise paid off by Plaintiff to avoid any balloon payment or acceleration under the E-Loan Mortgage.

64. The aforementioned failures caused Plaintiff aforementioned damages and were foreseeable.

65. As such Wells Fargo is liable for such damages caused by its aforementioned negligence.

66. Wherefore, Plaintiff prays the Court find Wells Fargo negligent and award damages as alleged and any other relief deemed appropriate including reasonable attorney's fees.

**PRAYER FOR RELIEF**

1. WHEREFORE, Plaintiff respectfully prays that this Court:

11

      a)      Assume jurisdiction in this case;

      b)      Find in favor of Plaintiff on all counts;

      c)      Award Plaintiff costs and reasonable attorney fees; and

      d)      Award such other relief as the Court deems appropriate.

**JURY TRIAL DEMANDED**

Respectfully submitted,

**KEVIN WHITE**

/s/    Lenard Myers, II
Lenard Myers, II
VSB 79858
FORTRESS PROPRIETAS, P.C.
1876 Wells Fargo Center
440 Monticello Avenue
Norfolk, VA 23510-2571
P: 757.828.6685
F: 757.282.7777
lmyers@fortprolaw.com

*Attorney for Plaintiff Kevin White*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which should send notification of such filing to the following:

>David L. Ward, Esq.
>BWW LAW GROUP, LLC
>8100 Three Chopt Road, Suite 240
>Richmond, Virginia 23229
>P: (804) 521-6140
>F: (804) 521-6186
>david.ward@bww-law.com
>
>*Attorney for Defendants*
>*Gulf Harbour Investments Corporation,*
>*Specialized Loan Servicing, LLC,*
>*Equity Trustees, LLC,*
>*and BWW Law Group, LLC*
>
>
>Paul A. Gibson III, Esq.
>REEDSMITH LLP
>Riverfront Plaza – West Tower
>901 E. Byrd Street, Suite 1700
>Richmond, VA 23219
>P: 804.344.3464
>F: 804.344.3410
>pgibson@reedsmith.com
>
>*Attorney for Defendant Wells Fargo Bank, N.A.*

    /s/    Lenard Myers, II
Lenard Myers, II
VSB No. 79858
FORTRESS PROPRIETAS, P.C.
1876 Wells Fargo Center
440 Monticello Avenue
Norfolk, VA 23510-2571
P: 757.828.6685
F: 757.282.7777
lmyers@fortprolaw.com