UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEVIN WHITE,

    Plaintiff,

v.                                     Case No.: 2:21-cv-00113-RAJ-RJ

GULF HARBOUR INVESTMENTS CORP.,
SPECIALIZED LOAN SERVICING, LLC,
EQUITY TRUSTEES, LLC, BWW LAW
GROUP, LLC, and
WELLS FARGO BANK, N.A.,

    Defendants.

**DEFENDANT WELLS FARGO BANK N.A'S ANSWER, DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by counsel, hereby Answers Plaintiff's Amended Complaint, and sets forth its defenses, stating as follows:

**AS TO JURISDICTION & VENUE**

1. In response to Paragraph 1, Wells Fargo admits only that the property and the loan(s) at issue exceed $75,000 in value. The remaining allegations in Paragraph 1 constitute conclusions of law to which no response is required; to the extent a response is required, Wells Fargo denies the allegations. Wells Fargo denies all allegations not expressly admitted.

**AS TO NATURE OF THE ACTION**

2. In response to Paragraph 2, Wells Fargo admits only that in 2013 Plaintiff refinanced a mortgage originating with Wachovia Bank, N.A. in 2005, and that the alleged 2006 E-Loan, Inc. mortgage loan was not included in the refinance. Wells Fargo denies the implication that it "failed" to fulfill any purported to include the 2006 E-Loan in the 2013 refinance. To the

extent the allegations in Paragraph 2 are directed at entities other than Wells Fargo, they require no response; to the extent a response is required, Wells Fargo denies the allegations. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, on that basis, denies them. Wells Fargo denies all allegations not expressly admitted.

## AS TO PARTIES TO THIS ACTION

3. In response to Paragraph 3, Wells Fargo admits only that Plaintiff is a Virginia resident. The allegation that Plaintiff is the lawful owner of the named property is a conclusion of law to which no response is required; to the extent a response is required, Wells Fargo denies the allegations. To the extent the allegations in Paragraph 3 refer to documents that speak for themselves, Wells Fargo denies all allegations or characterizations inconsistent with true and accurate copies of such documents. Wells Fargo denies all allegations, if any, remaining in Paragraph 3 and denies all allegations not expressly admitted.

4. The allegations in Paragraph 4 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

5. The allegations in Paragraph 5 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

6. The allegations in Paragraph 6 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

7. The allegations in Paragraph 7 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

8. Wells Fargo admits the allegations in Paragraph 8.

## AS TO STATEMENT OF FACTS

9. The allegations in Paragraph 9 refer to documents that speak for themselves; Wells Fargo denies all allegations or characterizations inconsistent with true and accurate copies of such documents.

10. The allegations in Paragraph 10 refer to documents that speak for themselves; Wells Fargo denies all allegations or characterizations inconsistent with true and accurate copies of such documents.

11. The allegations in Paragraph 11 constitute conclusions of law to which no response is required; to the extent a response is required, Wells Faro denies the allegations.

12. The allegations in Paragraph 12 constitute conclusions of law to which no response is required; to the extent a response is required, Wells Faro denies the allegations.

*As to Wells Fargo Conduct*

13. Wells Fargo admits the allegations in Paragraph 13.

14. Wells Fargo admits the allegations in Paragraph 14.

15. Wells Fargo denies the allegations in Paragraph 15.

16. In response to Paragraph 16, Wells Fargo admits only that the 2013 refinance closed without paying off the E-Loan Mortgage. Wells Fargo denies that it categorized the E-Loan Mortgage as an asset and denies that Plaintiff and Wells Fargo intended that the 2013 refinance also pay off the E-Loan Mortgage. Wells Fargo denies all allegations, if any, remaining in Paragraph 16 and denies all allegations not expressly admitted.

17. Wells Fargo denies the allegations in Paragraph 17.

18. The allegations in Paragraph 18 refer to documents that speak for themselves; Wells Fargo denies all allegations or characterizations inconsistent with true and accurate copies of such documents.

19. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies them.

20. The allegations in Paragraph 20 refer to documents that speak for themselves; Wells Fargo denies all allegations or characterizations inconsistent with true and accurate copies of such documents.

21. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies them.

22. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies them.

23. In response to Paragraph 23, Wells Fargo denies that it made any errors regarding the 2013 refinance or the E-Loan Mortgage. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, on that basis, denies them.

24. In response to Paragraph 24, Wells Fargo denies that it made any errors regarding the 2013 refinance or the E-Loan Mortgage. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, on that basis, denies them.

*As to Gulf Harbour Investments Corporation/SLS Conduct*

25. The allegations in Paragraph 25 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

26. The allegations in Paragraph 26 refer to documents that speak for themselves; Wells Fargo denies all allegations or characterizations inconsistent with true and accurate copies of such documents.

27. The allegations in Paragraph 27 refer to documents that speak for themselves; Wells Fargo denies all allegations or characterizations inconsistent with true and accurate copies of such documents.

28. The allegations in Paragraph 28 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

29. The allegations in Paragraph 29 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

30. The allegations in Paragraph 30 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

31. The allegations in Paragraph 31 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

*As to Equity/Gulf Harbour Conduct*

32. The allegations in Paragraph 32 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

33. The allegations in Paragraph 33 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

34. The allegations in Paragraph 34 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

35. The allegations in Paragraph 35 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

36. The allegations in Paragraph 36 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

37. The allegations in Paragraph 37 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

38. The allegations in Paragraph 38 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

*As to Damages*

39. In response to Paragraph 39, Wells Fargo denies that Plaintiff suffered the damages alleged or any damages whatsoever. Wells Fargo denies all allegations, if any, remaining in Paragraph 39.

40. In response to Paragraph 40, Wells Fargo denies that Plaintiff will suffer the damages alleged or any damages whatsoever. Wells Fargo denies all allegations, if any, remaining in Paragraph 40.

41. Paragraph 41 contains no factual allegations and no response is required; to the extent a response is required, Wells Fargo denies the allegations.

### As to Count I
### Breach of Contract
### Balloon Payment Requirements

42. Wells Fargo's responses to all prior paragraphs are incorporated and set forth herein.

43. The allegations in Paragraph 43 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo denies the allegations.

44. The allegations in Paragraph 44 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo denies the allegations.

45. The allegations in Paragraph 45 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo denies the allegations.

46. The allegations in Paragraph 46 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo denies the allegations.

47. The allegations in Paragraph 47 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo denies the allegations.

### As to Count II
### TILA Violations

48. Wells Fargo's responses to all prior paragraphs are incorporated and set forth herein.

49. The allegations in Paragraph 49 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo denies the allegations.

50. The allegations in Paragraph 50 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo denies the allegations.

51. The allegations in Paragraph 51 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo denies the allegations.

52. The allegations in Paragraph 52 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo denies the allegations.

## Count III
### FDCPA Violations

53. Wells Fargo's responses to all prior paragraphs are incorporated and set forth herein.

54. The allegations in Paragraph 54 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo denies the allegations.

55. The allegations in Paragraph 55 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo denies the allegations.

56. The allegations in Paragraph 56 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo denies the allegations.

57. The allegations in Paragraph 57 are directed toward entities other than Wells Fargo and require no response; to the extent a response is required, Wells Fargo denies the allegations.

## Count IV
### Negligence

58. Wells Fargo's responses to all prior paragraphs are incorporated and set forth herein.

59. Wells Fargo denies the allegations in Paragraph 59.

60. Wells Fargo denies the allegations in Paragraph 60.

61. Wells Fargo denies the allegations in Paragraph 61.

62. Wells Fargo denies the allegations in Paragraph 62.

63. Wells Fargo denies the allegations in Paragraph 63.

64. Wells Fargo denies the allegations in Paragraph 64.

65. Wells Fargo denies the allegations in Paragraph 65.

66. In response to Paragraph 66, Wells Fargo denies that it was negligent, denies that Plaintiff suffered the damages alleged, and denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Wells Fargo denies all allegations not expressly admitted in the foregoing.

## **WELLS FARGO'S DEFENSES**

Wells Fargo states the following defenses, but does not assume the burden of proof on such defenses, except as required by law with respect to the particular defense asserted.

1. Plaintiff fails to state a claim against Wells Fargo upon which relief can be granted, including because Plaintiff fails to allege a breach of a legally cognizable duty owed by Wells Fargo to Plaintiff.

2. Plaintiff's claims as to Wells Fargo are barred because the allegations in Plaintiff's Complaint describe how Plaintiff breached his contract with Wells Fargo, specifically the Deed of Trust, by allowing another lien to take priority over Wells Fargo's lien.

3. Plaintiff's claims are barred by the doctrines of unclean hands, laches, and unjust enrichment, including because Plaintiffs have failed to pay Wells Fargo the sums owed on the Loan.

4. Plaintiff does not have standing to bring the claims asserted in the Complaint.

5. Without admitting any of the allegations in the Amended Complaint, Wells Fargo alleges that the injuries and/or damages alleged by Plaintiff were proximately caused by and/or

were contributed to by Plaintiff's own actions or failures to act.

6. Although Wells Fargo denies any liability in this matter, it contends that any alleged acts or omissions giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Wells Fargo. Wells Fargo acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Wells Fargo.

7. Plaintiff's claims are barred because Wells Fargo's conduct was at all times undertaken in good faith.

8. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not Wells Fargo.

9. If Plaintiff suffered or sustained any loss, injury, damage, or detriment attributed to Wells Fargo, Wells Fargo is entitled to indemnity for any such liability from third parties. Further, to the extent Plaintiff recovers any sums, such recovery should be offset by the fair market rental value for the property to the extent Plaintiff has resided at the property without paying money owed to their lender or the title owner of the property.

10. Wells Fargo denies that Plaintiff is entitled to a trial by jury.

11. Wells Fargo hereby gives notice that it intends to rely upon such other defenses that may become available during the course of discovery, and thus reserves its right to modify and/or supplement its Answer, file further pleadings, and assert additional defenses as necessary or appropriate, as its investigation of the claims asserted against it and its defenses is continuing.

## WELLS FARGO'S COUNTERCLAIM

Defendant / Counterclaim Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), by and through their undersigned counsel, alleges as follows for its Counterclaim against Plaintiff / Counterclaim Defendant Kevin White ("White")

## STATEMENT OF CLAIM

1. Wells Fargo brings this counterclaim alleging breach of contract. By this counterclaim, Wells Fargo seeks damages against White for its breach of the Deed of Trust, plus attorney's fees and costs.

## COMMON FACTS

2. As alleged in Plaintiff's Complaint in this action, on or about November 15, 2005, Wachovia Bank, N.A. loaned Plaintiff the amount of $316,000.00 for a purchase-money mortgage to purchase property located at 3825 Larchwood Drive, Virginia Beach, VA (the "Property"). *See* Amended Complaint, D.E. 12 ("Amended Complaint"), ¶ 9.

3. As alleged in Plaintiff's Complaint, on or about March 21, 2006, E-Loan Inc. loaned Plaintiff $73,500.00 (the "E-Loan Mortgage"), as recorded in a promissory note and secured by a Deed of Trust which purports to encumber the Property. *See* Amended Complaint, ¶ 10 and Exhibit A thereto.

4. As alleged in Plaintiff's Complaint, on or about April 5, 2013, Wells Fargo loaned Plaintiff $298,600.00 (the "Wells Fargo Loan"), as recorded in a promissory note and secured by a Deed of Trust which encumbers the Property (the "Wells Fargo DoT"). *See* Amended Complaint, ¶ 18 and Exhibit B thereto.

5. The Wells Fargo DoT provides, in pertinent part:

> **4. Charges; Liens.** … Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower:

> (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to the Lender; but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secured from the holder of the lien an agreement satisfactory to the Lender subordinating the lien to this Security instrument.  If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien.  Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Amended Complaint Ex. B, D.E. 12-2 at pp. 5-6.

6.      As alleged in the Complaint, Plaintiff allowed the Wells Fargo Loan to become subordinate to the E-Loan Mortgage.  *See* Amended Complaint, ¶¶ 12.

7.      Plaintiff allowed the E-Loan Mortgage to become delinquent, and Defendant Gulf Harbour Investments Corporation scheduled a foreclosure sale on the Property for February 23, 2021.  *See* Amended Complaint, ¶ 20.

8.       If Plaintiff's allegations in the Complaint are true, then Plaintiff failed to discharge a lien which has priority over the Wells Fargo Loan (*i.e.*, the E-Loan Mortgage), in contravention of the Wells Fargo DoT.

9.      Plaintiff has not agreed in writing to the payment of the E-Loan Mortgage in a manner acceptable to Wells Fargo, per Section 4(a) of the Wells Fargo DoT.

10.     Plaintiff has not secured from the holder of the E-Loan Mortgage an agreement satisfactory to Wells Fargo subordinating the lien to the Wells Fargo DoT, per Section 4(c) of the Wells Fargo DoT.

11.     Per Section 4(b) of the Wells Fargo DoT, by filing this action Plaintiff is defending against enforcement of the E-Loan Mortgage in legal proceedings, which is temporarily preventing

Plaintiff's breach from being consummated. However, if Plaintiff's claims against the other parties to this action are resolved in such a way that leaves the Wells Fargo Loan subordinate to the E-Loan Mortgage (which Plaintiff alleges to be the case,) then Plaintiff will once again be in breach of the Wells Fargo DoT.

12. Wells Fargo therefore petitions this Court for redress of Plaintiff's breach of the Wells Fargo DoT.

## COUNTERCLAIM
### (*Breach of Contract*)

13. Wells Fargo re-alleges Paragraphs 1 through 12 of its Counterclaim as though fully incorporated by reference herein.

14. The Wells Fargo DoT is a valid contract between Plaintiff and Wells Fargo.

15. Wells Fargo performed on the Wells Fargo DoT by lending Plaintiff $289,600.00 on or about April 5, 2013.

16. Plaintiff failed to perform on the Wells Fargo DoT by allowing the Wells Fargo Loan to become subordinate to the E-Loan Mortgage, as Plaintiff himself alleges in his Complaint.

17. Wells Fargo has already suffered damages from Plaintiff's breach, in the form of legal costs incurred in appearing in and litigating this action.

18. Wells Fargo will suffer further damages from Plaintiff's breach if this action is resolved in such a way that leaves the Wells Fargo Loan subordinate to the E-Loan Mortgage, as Plaintiff alleges in the Complaint.

19. Wells Fargo is entitled to all remedies and damages contemplated in the Wells Fargo DoT, including but not limited to acceleration.

WHEREFORE, Wells Fargo requests that the Court dismiss with prejudice Plaintiff's claims against Wells Fargo, award him no relief, award to Wells Fargo the damages requested in Wells Fargo's counterclaim, and award such other and further relief deemed just and proper.

Date: April 13, 2021

Respectfully Submitted,

WELLS FARGO BANK, N.A.

By Counsel

*/s/ Paul Gibson*
Alison Wickizer Toepp (VSB # 75564)
Paul A. Gibson, III (VSB No. 82136)
REED SMITH LLP
Riverfront Plaza, West Tower
901 East Byrd Street, Suite 1900
Richmond, VA  23219
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
atoepp@reedsmith.com
pgibson@reedsmith.com
*Counsel for Wells Fargo Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of April, 2021 I served a true and correct copy of the foregoing by U.S. Mail, postage prepaid, on the following:

Lenard Myers, II, Esq.
Fortress Proprietas, P.C.
1876 Wells Fargo Center
440 Monticello Avenue
Norfolk, VA 23510-3310
Email: LMYERS@FORTPROLAW.COM

David L. Ward, Esq.
BWW Law Group, LLC
8100 Three Chopt Road, Ste. 240
Richmond, VA 23229
Email: david.ward@bww-law.com

*/s/ Paul Gibson*
Alison Wickizer Toepp (VSB # 75564)
Paul A. Gibson, III (VSB No. 82136)
REED SMITH LLP
Riverfront Plaza, West Tower
901 East Byrd Street, Suite 1900
Richmond, VA  23219
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
atoepp@reedsmith.com
pgibson@reedsmith.com
*Counsel for Wells Fargo Bank, N.A.*