IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| KEVIN WHITE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:21-cv-00113-RAJ-RJK |
| ) | |
| ) | Removed from the Circuit Court of |
| GULF HARBOUR INVESTMENTS CORP., et. al. ) | City of Virginia Beach, Virginia |
| ) | Case No. CL21000783-00 |
| ) | |
| Defendants. ) | |
| _____ ) | |

**GULF HARBOUR INVESTMENT CORPORATION'S
PARTIAL ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, Defendant, Gulf Harbour Investment Corporation ("Gulf Harbour"), by counsel, and in response to the Amended Complaint (the "Amended Complaint") filed by Plaintiff, Kevin White, ("Plaintiff"), hereby states as follows:

**JURISDICTION AND VENUE**

1.  Admitted.

**NATURE OF THE ACTION**

2.  Gulf Harbour admits only that portion of paragraph 2 alleging that Gulf Harbour is the current owner of the beneficial interest in the "2006 E-Loan, Inc. mortgage loan."[1]  As to the remaining allegations contained in paragraph 2 of the Amended Complaint, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of those factual allegations and therefore denies the same and demands strict proof thereof.

---

[1] Balloon Note dated March 21, 2006 in original principle amount of $73,500.00 signed by Plaintiff and his wife, Katherine White who is not a party to this action.

1

## PARTIES TO THIS ACTION

3. Gulf Harbour admits only that portion of paragraph 3 alleging that Plaintiff is the owner of the located at 3825 Larchwood Drive, Virginia Beach, VA 23456 (the "Property"). As to the remaining allegations contained in paragraph 3 of the Amended Complaint, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of those factual allegations and therefore denies the same and demands strict proof thereof.

4. Admitted. Gulf Harbour avers that it is the noteholder and owner of the beneficial interest in the "2006 E-Loan, Inc. mortgage loan."

5. Admitted.

6. Admitted.

7. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 7 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

8. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 8 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

## STATEMENT OF FACTS

9. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 9 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

10. Gulf Harbour admits only that portion of paragraph 10 alleging that on March 21, 2006 the Plaintiff and his wife Katherine White executed a Deed of Trust which secures repayment of an promissory note executed by the Plaintiff and Katherine White in the original principle

amount of $73,500.00 (the "Deed of Trust"), a copy of which is attached to Plaintiff's Amended Complaint as Exhibit A. (Doc. 12-1).  To the extent paragraph 10 of the Amended Complaint references documents which are or may be contained within the public land records of the City of Virginia Beach, Virginia; those documents speak for themselves and do not require a response from Gulf Harbour.  As to the remaining allegations contained in paragraph 10 of the Amended Complaint, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of those factual allegations and therefore denies the same and demands strict proof thereof.

11. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 11 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

12. Gulf Harbour admits only that portion of paragraph 12 alleging that the Deed of Trust was junior in position to the Wachovia mortgage in 2013.  As to the remaining allegations contained in paragraph 12 of the Amended Complaint, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of those factual allegations and therefore denies the same and demands strict proof thereof.

*Wells Fargo Conduct*

13. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 13 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

14. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 14 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

15. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 15 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

16. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 16 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

17. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 17 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

18. To the extent paragraph 18 of the Amended Complaint references documents which are or may be contained within the public land records of the City of Virginia Beach, Virginia; those documents speak for themselves and do not require a response from Gulf Harbour. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 18 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

19. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 19 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

20. Gulf Harbour admits only that portion of paragraph 20 alleging that a foreclosure sale of the Property was scheduled for February 23, 2021 but was cancelled due to a temporary injunction entered by the Circuit Court for Virginia Beach. As to the remaining allegations contained in paragraph 20 of the Amended Complaint, Gulf Harbour lacks sufficient knowledge

and information to form a belief as to the truth of those factual allegations and therefore denies the same and demands strict proof thereof.

21. Denied.

22. Denied. Gulf Harbour can provide the sum necessary to satisfy the lien of the security instrument characterized in the Amended Complaint as the "E-Loan Mortgage" upon request.

23. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 23 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

24. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 24 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

*Gulf Harbour Investments Corporation/SLS*

25. Gulf Harbour admits only that portion of paragraph 25 alleging that SLS is attorney in fact for Gulf Harbour in regard to the subject loan. As to the remaining allegations contained in paragraph 25 of the Amended Complaint, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of those factual allegations and therefore denies the same and demands strict proof thereof.

26. Gulf Harbour admits only that portion of paragraph 26 alleging that the Deed of Trust contains a "Balloon Rider to the Security Instrument." To the extent paragraph 26 of the Amended Complaint references documents which are or may be contained within the public land records of the City of Virginia Beach, Virginia; those documents speak for themselves and do not require a response from Gulf Harbour. As to the remaining allegations contained in paragraph 26

of the Amended Complaint, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of those factual allegations and therefore denies the same and demands strict proof thereof.

27. To the extent paragraph 27 of the Amended Complaint references documents which are or may be contained within the public land records of the City of Virginia Beach, Virginia; those documents speak for themselves and do not require a response from Gulf Harbour. As to the remaining allegations contained in paragraph 27 of the Amended Complaint, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of those factual allegations and therefore denies the same and demands strict proof thereof.

28. Denied.

29. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 29 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

30. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 30 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

31. Denied.

*Equity/Gulf Harbour Conduct*

32. Denied.

33. Denied.

34. Gulf Harbour avers that paragraph 34 contains mixed questions of law and fact which require a legal determination. Gulf Harbour lacks sufficient knowledge and information to

form a belief as to the truth of the factual allegations contained in paragraph 34 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

35. Gulf Harbour denies the allegations contained in paragraph 35 of the Amended Complaint because they rest on a faulty assumption (that Gulf Harbor is a debt collector as defined by the federal Fair Debt Collection Practices Act).

36. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 36 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

37. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 37 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

38. Denied.

39. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 39 (a) – (d) of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

40. Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 40 (a) – (e) of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

41. Paragraph 41 of the Amended Complaint does not require a response from Gulf Harbour. In case there are allegations contained within paragraph 41 which do require a response from Gulf Harbour, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 41 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

## COUNT I
### Breach of Contract
### Balloon Payment Requirement

42. In response to paragraph 42, Gulf Harbour reaffirms and incorporates its responses to paragraphs 1-41 for which paragraph 42 of the Amended Complaint re-avers and incorporates into Count I.

43. Contemporaneous with the filing of this Partial Answer, Gulf Harbour and SLS filed their Joint Motion to Dismiss seeking dismissal of Count One of the Amended Complaint. Gulf Harbour reserves the right to deny the allegations set forth herein if its Motion to Dismiss is denied.

44. Contemporaneous with the filing of this Partial Answer, Gulf Harbour and SLS filed their Joint Motion to Dismiss seeking dismissal of Count One of the Amended Complaint. Gulf Harbour reserves the right to deny the allegations set forth herein if its Motion to Dismiss is denied.

45. Contemporaneous with the filing of this Partial Answer, Gulf Harbour and SLS filed their Joint Motion to Dismiss seeking dismissal of Count One of the Amended Complaint. Gulf Harbour reserves the right to deny the allegations set forth herein if its Motion to Dismiss is denied.

46. Contemporaneous with the filing of this Partial Answer, Gulf Harbour and SLS filed their Joint Motion to Dismiss seeking dismissal of Count One of the Amended Complaint. Gulf Harbour reserves the right to deny the allegations set forth herein if its Motion to Dismiss is denied.

47. Contemporaneous with the filing of this Partial Answer, Gulf Harbour and SLS filed their Joint Motion to Dismiss seeking dismissal of Count One of the Amended Complaint.

Gulf Harbour reserves the right to deny the allegations set forth herein if its Motion to Dismiss is denied.

## COUNT II
**TILA Violations**

48. In response to paragraph 48, Gulf Harbour reaffirms and incorporates its responses to paragraphs 1-47 for which paragraph 48 of the Amended Complaint re-avers and incorporates into Count II.

49. Denied.

50. Denied.

51. Denied.

52. Gulf Harbour denies that Plaintiff is entitled to the relief sought in paragraph 52 of his Amended Complaint.

## COUNT III
**FDCPA Violations**

53. In response to paragraph 53, Gulf Harbour reaffirms and incorporates its responses to paragraphs 1-52 for which paragraph 53 of the Amended Complaint re-avers and incorporates into Count III.

54. Contemporaneous with the filing of this Partial Answer, Gulf Harbour and SLS filed their Joint Motion to Dismiss which seeks dismissal of Count Three of the Amended Complaint as to Gulf Harbour. Gulf Harbour reserves the right to deny the allegations set forth herein if its Motion to Dismiss is denied.

55. Contemporaneous with the filing of this Partial Answer, Gulf Harbour and SLS filed their Joint Motion to Dismiss which seeks dismissal of Count Three of the Amended

Complaint as to Gulf Harbour. Gulf Harbour reserves the right to deny the allegations set forth herein if its Motion to Dismiss is denied.

56. Contemporaneous with the filing of this Partial Answer, Gulf Harbour and SLS filed their Joint Motion to Dismiss which seeks dismissal of Count Three of the Amended Complaint as to Gulf Harbour. Gulf Harbour reserves the right to deny the allegations set forth herein if its Motion to Dismiss is denied.

57. Contemporaneous with the filing of this Partial Answer, Gulf Harbour and SLS filed their Joint Motion to Dismiss which seeks dismissal of Count Three of the Amended Complaint as to Gulf Harbour. Gulf Harbour reserves the right to deny the allegations set forth herein if its Motion to Dismiss is denied.

## COUNT IV
### Negligence

58. In response to paragraph 58, Gulf Harbour reaffirms and incorporates its responses to paragraphs 1-57 for which paragraph 58 of the Amended Complaint re-avers and incorporates into Count IV.

59. Count IV of the Plaintiffs' Amended Complaint is not directed at Gulf Harbour. To the extent that paragraph 59 requires a response from Gulf Harbour, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 59 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

60. Count IV of the Plaintiffs' Amended Complaint is not directed at Gulf Harbour. To the extent that paragraph 60 requires a response from Gulf Harbour, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in

paragraph 60 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

61. Count IV of the Plaintiffs' Amended Complaint is not directed at Gulf Harbour. To the extent that paragraph 61 requires a response from Gulf Harbour, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 61 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

62. Count IV of the Plaintiffs' Amended Complaint is not directed at Gulf Harbour. To the extent that paragraph 62 requires a response from Gulf Harbour, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 62 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

63. Count IV of the Plaintiffs' Amended Complaint is not directed at Gulf Harbour. To the extent that paragraph 63 requires a response from Gulf Harbour, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 63 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

64. Count IV of the Plaintiffs' Amended Complaint is not directed at Gulf Harbour. To the extent that paragraph 64 requires a response from Gulf Harbour, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 64 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

65. Count IV of the Plaintiffs' Amended Complaint is not directed at Gulf Harbour. To the extent that paragraph 65 requires a response from Gulf Harbour, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 65 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

66. Count IV of the Plaintiffs' Amended Complaint is not directed at Gulf Harbour. To the extent that paragraph 66 requires a response from Gulf Harbour, Gulf Harbour lacks sufficient knowledge and information to form a belief as to the truth of the factual allegations contained in paragraph 66 of the Amended Complaint and therefore, denies the same and demands strict proof thereof.

WHEREFORE, having partially answered, Defendant Gulf Harbour Investment Corporation respectfully requests that this Court enter no Order to its prejudice. Gulf Harbour Investment Corporation reserves the right to amend and supplement this pleadings during the course of this litigation.

Respectfully submitted this 13th Day of April, 2021

　　/s/ David L. Ward
David L. Ward, VSB No. 87263
BWW Law Group, LLC
8100 Three Chopt Rd., Suite 240
Richmond, VA 23229
T:  (804) 521-6140
F:  (804) 521-6186
david.ward@bww-law.com
*Counsel for Defendant Gulf Harbour Investments Corporation*

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 13th day of April, 2021, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Lenard Myers, II, VSB No. 79858
Fortress Proprietas, P.C.
1876 Wells Fargo Center
440 Monticello Avenue
Norfolk, VA 23510
T: (757) 828-6685
F: (757) 282-7777
lmyers@fortprolaw.com
*Counsel for Plaintiff*

Paul A. Gibson, III, VSB No. 82136
Alison R.W. Toepp, VSB No. 75564
Reed Smith, LLP
Riverfront Plaza – West Tower
901 E. Byrd Street, Ste. 1700
Richmond, VA 23219
T: (804) 344-3400
F: (804) 344-3410
pgibson@reedsmith.com
atoepp@reedsmith.com
*Counsel for Wells Fargo Bank, N.A.*

       /s/ David L. Ward
       David L. Ward, VSB No. 87263
       BWW Law Group, LLC
       8100 Three Chopt Rd., Suite 240
       Richmond, VA 23229
       (804) 521-6121
       (804) 521-6171 - FAX
       david.ward@bww-law.com
       *Counsel for Defendants, Gulf Harbour Investments Corporation*